## No. 642

### KOSIOREK v. GRAWUNDE et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6955.   Decided Feb. 22, 1926

1235. VERDICT—No abuse of discretion by court in refusing to re-open case, after a motion for a directed verdict has been made, to admit evidence of a purchaser ready, able and willing to buy, when the motion did not disclose a mutuality between parties as would bind them in an agreement.

SULLIVAN, J.

Stanley Kosiorek sued Fred and Mary Grawunde in the Cleveland Municipal Court to recover a real estate commission. Kosiorek claimed that having presented a purchaser ready, able and willing, he was entitled to his commission. The court sustained Grawunde's motion to direct a verdict and plaintiff prosecuted error. The Court of Appeals held:

1. Although the parties intended from the beginning to include all the terms and understandings into a written contract, there was a failure to have drawn up the contract, so that the status of the terms is merely a verbal contract.

2. The agent cannot recover upon his verbal contract.

3. Error on part of the court is claimed by its refusing to re-open the case after motion for a directed verdict was made for the purpose of allowing evidence to show there was a purchaser ready, able and willing.

4. This would have been an abuse of discretion but for the reason that the testimony, at the time the motion to direct the verdict was made, did not disclose such a mutuality as would bind the parties to an agreement.

Judgment affirmed.

Attorneys—Frank S. Day for Kosiorek; Curry, Skelenicka & Murray for Grawunde; all of Cleveland.